**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000573
29-AUG-2025
08:11 AM
Dkt. 69 SO**

NO. CAAP-24-0000573

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellant,
v.
CHARLES NGUYEN, also known as CHARLES AU NGUYEN, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DTA-24-00578)

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, Leonard and McCullen, JJ.)

In this appeal involving an Operating a Vehicle Under the Influence of an Intoxicant (**OVUII**) offense, Plaintiff-Appellant State of Hawaiʻi (**State**) challenges the district court's suppression of the defendant's breath alcohol concentration (**BAC**) test on grounds that the implied consent form was defective.  We vacate and remand.

The State appeals from the July 30, 2024 "Notice of Entry of Judgment and/or Order and Plea/Judgment" (**Judgment**)

entered by the District Court of the First Circuit (**District Court**).[1]

On appeal, the State contends the District Court, by concluding that the Honolulu Police Department (**HPD**) form 396K (**implied consent form**) was defective for **(1)** failing to inform Nguyen that he had a "Constitutional right to refuse a test" and **(2)** failing to inform him of "the enhanced penalties of [sic] a [BAC] test over .15" (**highly intoxicated driver penalties**),[2] erred in suppressing the results of Defendant-Appellee Charles Nguyen's (**Nguyen**) BAC test.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve the State's contentions as follows.

The State charged Nguyen via a May 8, 2024 Complaint with OVUII as a highly intoxicated driver under HRS § 291E-61(a)(1) and/or (a)(3), and (b)(1) and/or (b)(4). Nguyen filed a motion to suppress his BAC test, challenging the validity of his consent.

The record of the July 30, 2024 suppression hearing reflects that, following Nguyen's arrest for OVUII, the implied consent form was read to him at the police station. The implied consent form contained two numbered advisements initialed "CN" by Nguyen, which stated in pertinent part:

---

[1]     The Honorable Myron H. Takemoto presided.

[2]     Hawaii Revised Statutes (**HRS**) § 291E-1 (2020 & 2022 Supp.) defines a "highly intoxicated driver" as a person whose BAC test result is ".15 or more grams of alcohol per two hundred ten liters of the person's breath." Under the OVUII statute, HRS § 291E-61 (2020 & 2023 Supp.), highly intoxicated drivers are subject to additional penalties, which include "forty-eight consecutive hours" of imprisonment and a license revocation period of "no less than eighteen months."

1. CN Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State of Hawaii shall be deemed to have given consent to a test or tests of his or her breath, blood, or urine for the purpose of determining alcohol concentration or drug content, as applicable.

2. CN You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content.

Nguyen agreed to take a BAC test. It was undisputed that the implied consent form did not inform Nguyen of the highly intoxicated driver penalties. Nguyen testified that had he known of the highly intoxicated driver penalties, he would not have submitted to the BAC test.

Nguyen argued that the implied consent form was defective because it did not inform him of the harsher highly intoxicated driver penalties associated with a BAC test result over .15. The State responded that there was "no requirement" for the implied consent form to discuss criminal penalties, and the form properly informed Nguyen of his right to refuse to take the breath test without a discussion of penalties, consistent with State v. Hosaka, 148 Hawaiʻi 252, 472 P.3d 19 (2020).[3]

The District Court granted the motion to suppress the BAC test, finding that Nguyen's consent was not "knowing and intelligent" because the implied consent form was "misleading" for stating that Nguyen "may refuse" a BAC test instead of "a Constitutional right to refuse" the BAC test, pursuant to State

---

[3] Relevant to this case, Hosaka involved a challenge to the implied consent form as coercive in its advisement regarding the sanctions for refusal of testing. 148 Hawaiʻi at 259-63, 472 P.3d at 26-30. The Hosaka court upheld the form because it "complied with HRS Chapter 291E" and was not "inaccurate," "misleading," or "coercive," where "it did not threaten [the defendant] with arrest of imprisonment for refusing a chemical test[,]" "require [the defendant] to choose between constitutional rights[,]" or advise that "the punishment for refusal would be worse than the punishment for failing" the test. Id. at 263, 472 P.3d at 30.

v. Yong Shik Won, 137 Hawai‘i 330, 372 P.3d 1065 (2015);[4] and the form failed to inform Nguyen of the highly intoxicated driver penalties.  The State timely appealed.

**(1)** The State argues the District Court "erred by concluding that the implied consent form was defective for failing to inform" Nguyen of his "Constitutional right to refuse a test," because the form contained "the legislatively mandated warning in HRS § 291E-11(b)(2)."

We are not aware of any requirement, nor does Nguyen cite any authority mandating a requirement,[5] that the implied consent form must specifically use the words "Constitutional right to refuse" a BAC test, in addition to the statutorily required "may refuse" language in HRS § 291E-11(b)(2).  The implied consent statute requires that "[t]he person has been informed by a law enforcement officer that the person may refuse to submit to testing under this chapter."  HRS § 291E-11(b)(2) (2020).  In Hosaka, the supreme court upheld the implied consent form in that case as "accurate and in compliance with the implied consent statutory scheme (HRS Chapter 291E)."  148 Hawai‘i at 258, 472 P.3d at 25.

Here, the implied consent form sufficiently informed Nguyen, in accordance with the applicable statute, that he "may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration."  Thus, the

---

[4]     In Won, the supreme court suppressed the defendant's BAC test, and held that the implied consent form in that case was coercive because of "the threat of the criminal sanction communicated by the [i]mplied [c]onsent [f]orm for refusal to submit to a BAC test."  137 Hawai‘i at 347, 372 P.3d at 1082.

[5]     Nguyen's reliance on Hawai‘i caselaw mandating advisements of constitutional rights "to remain silent," "to testify," "to the assistance of counsel," and "a jury trial" -- are inapposite and unpersuasive.

District Court's conclusion that the implied consent form was defective on this basis, was erroneous. See id. (applying de novo review to conclusions of law).

**(2)** The State argues the District Court did "not offer any authority to support" its ruling that the implied consent form was required to contain the highly intoxicated driver penalties; and that such a ruling conflicted with the "legislative intent" to make such forms "simple for police to administer" and for "OVUII suspects to understand." On appeal, Nguyen does not point to any authority requiring this information in the implied consent form, and argues only that Nguyen's consent was not knowing or intelligent where he was not informed of such penalties.

We are not aware of any authority that supports the District Court's conclusion that the implied consent form must contain information regarding potential penalties for an OVUII conviction based on certain test results. The pertinent statutes, HRS §§ 291E-11 (regarding the implied consent form) and 291E-61 (regarding the OVUII offense and penalties) do not require the inclusion of the highly intoxicated driver penalties in the implied consent form. State v. Won and State v. Hosaka dealt with the implied consent form's provision of information regarding the sanctions for refusing testing, not potential penalties for an OVUII offense. Thus, the District Court's conclusion that the implied consent form was defective on this basis, was erroneous. See Hosaka, 148 Hawaiʻi at 258, 472 P.3d at 25.

We conclude the District Court's suppression of the results of Nguyen's BAC test was erroneous. See State v. Iona, 144 Hawaiʻi 412, 416, 443 P.3d 104, 108 (2019) (applying de novo to a trial court's ruling on a motion to suppress).

5

For the foregoing reasons, we vacate the July 30, 2024 Judgment entered by the District Court, and remand for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, August 29, 2025.

On the briefs:

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellant.

Seth Patek,
Deputy Public Defender,
for Defendant-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge